**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Christopher Erwig, | No. CV-20-00338-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff's counsel, Mark Caldwell, has filed a motion for an award of $27,349.75 in attorney's fees under 42 U.S.C. § 406(b). Doc. 34. Defendant takes no position on the reasonableness of the fees sought because she is not party to the fee agreement between Plaintiff and his counsel, but rather acts in a role "resembling that of a trustee" for Plaintiff. Doc. 36 at 2 (citing *Gisbrecht v. Barhart*, 535 U.S. 789, 798 n.6 (2002)). The Court will grant the motion.

The fee agreement between Plaintiff and his counsel provides for a contingency fee of 25% of all past-due benefits awarded to Plaintiff. Doc. 35-2 at 2. Plaintiff was awarded $109,399.00 in past-due benefits. Doc. 35-1 at 5. The Social Security Administration withheld 25% of this amount, or $27,349.75, from the award. *Id.* Counsel asks that this entire amount be awarded in attorney fees. Doc. 35 at 1. Counsel has submitted documentation showing that he performed 38.2 hours of billable work on this case.

Doc. 35-3 at 6. The effective hourly rate is $715.96 ($27,349.75/38.2 hours). *See also* Doc. 36 at 4.

Section 406(b) calls for court review of contingent-fee arrangements as an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within that boundary, a plaintiff's attorney must show that the fee sought is reasonable for the services rendered. *Id.* In assessing the reasonableness of a contingent-fee arrangement, a district court should consider the following factors: the character of the representation and whether such representation was substandard, the results achieved, delay attributable to the attorney, and whether the fee is in proportion to the time spent on the case. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).

The Court finds that the fees requested in this case are reasonable. There is no indication of substandard representation and the award counsel obtained for Plaintiff was considerable. Nor was there any notable delay in the progress of the case attributable to counsel. Counsel has substantial experience in the practice of Social Security disability law and his opening and reply briefs were tailored to and addressed in detail the specific issues in Plaintiff's case.[1] The Court is also mindful that the 25% contingent fee awarded here is less than the standard contingent fee outside of the Social Security context, which often ranges from 30-40%, and that attorneys such as counsel assume a risk of not getting paid by working on a contingent basis. The Court sees no reason to adjust downward from the 25% rate counsel and Plaintiff agreed upon at the outset of this case. *See Crawford*, 586 F.3d at 1153 (noting that the court approved hourly rates of $519, $875, and $902); *Chisholm v. Comm'r of Soc. Sec. Admin.*, No. CV-19-08010-PCT-JAT, 2022 WL 1569074, at *2 (D. Ariz. May 18, 2022) (approving effective hourly rate of $826.33 and noting that the rate was "in line with effective hourly rates previously approved by the Ninth Circuit");

---

[1] *Compare Davis v. Astrue*, No. 07-6352-PK, 2010 WL 2720732, at *5 (D. Or. July 7, 2010) (adjusting attorney fee downward after commenting on the simplicity of the case and counsel's anemic reply brief, which was fewer than four pages).

*Adam v. Kijakazi*, No. 2:17-cv-02087-EFB (SS), 2022 WL 3083737, at *2 (E.D. Cal. Aug. 3, 2022) (approving effective hourly rate of "about $900").

**IT IS ORDERED:**

1. Counsel's motion for award of attorney's fees under § 406(b) (Doc. 34) is **granted** pursuant to 42 U.S.C. § 406(b).

2. Plaintiff's counsel is awarded **$27,349.75** in attorney's fees, to be paid out of the sums withheld by the Commissioner from Plaintiff's past-due benefits.

3. Plaintiff's counsel shall reimburse Plaintiff **$7,937.19** – the amount previously paid by the government under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). *See* Doc. 35 at 1.

Dated this 19th day of August, 2022.

David G. Campbell
Senior United States District Judge